Pedro **VASQUEZ–GARCIA,** aka Chero Garcia–Garcia, aka David Martinez–Cuevas, **Petitioner,**

v.

Loretta E. **LYNCH,** Attorney General, **Respondent.**

No. 13–72711.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2015.*

Filed Aug. 4, 2015.

Nicholas W. Marchi, Carney & Marchi, PS, Seattle, WA, for Petitioner.

James A. Hurley, Oil, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

MEMORANDUM **

Pedro Vasquez–Garcia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying a continuance and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance, and review de novo

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

claims of due process violations. *Sandoval–Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir.2008). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Vasquez–Garcia's request for a continuance where he failed to demonstrate good cause. *See* 8 C.F.R. § .1003.29; *Sandoval–Luna,* 526 F.3d at 1247. It follows that Vasquez–Garcia's claim that the denial of a continuance violated due process fails. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (to prevail on a due process challenge, alien must show error and prejudice).

The BIA did not violate due process or err in declining to address Vasquez–Garcia's contentions regarding continuous physical presence because its determination that he failed to establish the requisite hardship was dispositive. *See* 8 U.S.C. § 1229b(b)(1); *Lata,* 204 F.3d at 1246; *see also Simeonov v. Ashcroft,* 371 F.3d 532, 538 (9th Cir.2004) ("As a general rule, courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.") (citation omitted).

To the extent Vasquez–Garcia challenges the agency's discretionary determination that he failed to show exceptional and extremely unusual hardship to his two United States citizen children, we lack jurisdiction to review this determination. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 888 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.